CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **Shiu L. Kwan**, in individual and representative capacity as trustee; **Wai K. Kwan**, in individual and representative capacity as trustee; **Peking Poultry, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | Case **2:17-CV-00038 FMO(RAOX)** <br><br> **Plaintiff Reply to Defendant's Opposition to Entry of Default.** <br><br> **Honorable Fernando Olguin** |

### I. BRIEF STATEMENT OF THE CASE

On January 4, 2017 Chris Langer ("Plaintiff" filed his Complaint alleging violations of the ADA as well as related state law claims stemming from his visit to the Peking Poultry store in late 2016. On January 13, 2017

1

Reply, Opposition to Defaults        Case No. **2:17-CV-00038 FMO(RAOX)**

Defendants Wai and Shiu Kwan ("Kwan Defendants" and "Kwans") were served via manager Michael Lee. On January 18, 2017 defendant Peking Poultry ("Peking") was served via manager Julio Padilla. All Defendants were mailed copies of the documents served on their managers and proofs of service were filed January 30, 2017.

This case was originally assigned to the calendar of Magistrate Judge Segal, and Plaintiff consented to her jurisdiction. Defendant Peking filed a motion to quash without compliance to the LR 7-3 requirements and without agreeing to the jurisdiction of Judge Segal. As a result, all filed pleadings were denied as improperly before the court and the matter was reassigned to Judge Snyder. Plaintiff refiled his documents. Defendants did not. Judge Snyder declined to preside over the matter pursuant to local rules and the matter was again reassigned to the present calendar. To date, no properly filed FRCP 12 motion or responsive pleadings have been filed.

## II. THE FILED DEFAULTS ARE BOTH TIMELY AND PROPER

This matter was filed in early January 2017. Service was effectuated shortly thereafter. Plaintiff filed timely motions for default after the time to answer elapsed and after sending warning letters to Defendants.

### I. The Kwan Defendants are in Default

The Kwans were both served on January 13, 2017. This service was effective 10 days later pursuant to Cal. Civ. Proc. § 415.20. As a result, the Kwans are well in default. The Kwans have never properly disputed service[1] and have never filed an FRCP Rule 12 motion or any other

---

[1] In the opposition to the entry of default, they make unsupported and improperly alleged allegations as it is not a noticed motion. These statements should be disregarded.

2

Reply, Opposition to Defaults          Case No. **2:17-CV-00038 FMO(RAOX)**

responsive pleading. They have had ample time to file a response to the complaint however they appear to only intend to delay proceedings. Plaintiff is obligated to prosecute his case diligently, and after two months it is well beyond the point of reasonable for an answer to be filed.

## II.    Peking's Motion to Dismiss is a Nullity

This matter was assigned to Magistrate Judge Segal and Plaintiff assented to her jurisdiction. Peking filed a procedurally defective and meritless Rule 12 motion prior to even being served. As Defendants never consented to jurisdiction of the magistrate judge, the motion was denied, however not on the merits. While FRCP 12(a)(4)(A) does allow a party 14 days to file a responsive pleading after a denied Rule 12 motion, it does not appear that this should apply in this case as the motion should have been stricken both for failure to comply with the Local Rules (see Plaintiff's Opposition Docket #14), as well as failure to file a consent to the Magistrate Judge. As Magistrate Judge Segal did not have jurisdiction to hear the motion, it should be treated as a nullity and not trigger any of Rule 12's provisions. Judge Segal's ruling acknowledged this and seemed to encourage Defendant Peking to refile before the assigned District Court judge if they wanted it considered on its merits. It seems to strain the intent of the rules if they are given an extra two weeks to do this when refiling the same motion would trigger the same result. Defective filings should not confer benefits.

## III.  Conclusion

Plaintiff's motions for default should all be entered. Or, in the alternative, the Kwan defaults should be entered as no responsive pleading

1 has been filed and Peking be directed to file a responsive pleading before
2 March 28th.

5 Dated: March 22, 2017         CENTER FOR DISABILITY ACCESS

                                By:__/s/ Dennis Price_____
                                Dennis Price
                                Attorney for Plaintiff