UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0038 FMO (RAOx) | Date | January 4, 2018 |
|---|---|---|---|
| Title | Chris Langer v. Shiu L. Kwan, et al. | | |

| Present: The Honorable | qaFernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

On January 4, 2017, plaintiff Chris Langer ("Langer" or "plaintiff") filed a Complaint against defendants Shiu L. Kwan, individually and as trustee, Wai K. Kwan, individually and as trustee (collectively, the "Kwans"), and Peking Poultry, Inc. ("Peking Poultry") (collectively with the Kwans, "defendants"), alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq., in connection with his attempted patronage of a restaurant.  (See Dkt. 1, Complaint at ¶¶ 24, 30-39).  Having reviewed and considered all the briefing filed with respect to defendants' Motion to Quash and Motion to Dismiss [] (Dkt. 39, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**LEGAL STANDARD**

A motion pursuant to Rule[1] 12(b)(5) of the Federal Rules of Civil Procedure is the proper vehicle for challenging the "insufficient service of process."  See Fed. R. Civ. P. 12(b)(5).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Once service of process has been challenged, "plaintiffs bear the burden of establishing that service was valid under Rule 4."  See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  Finally, the court has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service.  See S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) ("The choice between dismissal and quashing service of process is in the district court's discretion").

Under Rule 12(b)(6), evaluating a complaint on a motion to dismiss involves a two-step process.  See Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) ("While recognizing some tension" among the Supreme Court cases, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct.

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0038 FMO (RAOx) | Date | **January 4, 2018** |
|---|---|---|---|
| Title | **Chris Langer v. Shiu L. Kwan, et al.** | | |

1955 (2007), Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S.Ct. 992 (2002), the Ninth Circuit has "settled on a two-step process for evaluating pleadings."). First, "[t]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Id. at 1135. A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65; see Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Second, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see Twombly, 550 U.S. at 555, 127 S.Ct. at 1965 (factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, "even if doubtful in fact"); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). In determining whether the complaint states a plausible claim for relief, the court must "draw on its judicial experience and common sense[,]" Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, and consider "'obvious alternative explanation[s].'" Id. at 682, 129 S.Ct. at 1951 (quoting Twombly, 550 U.S. at 567, 127 S.Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." United States v. Corinthian Colls., 655 F.3d 984, 991 (9th Cir. 2011).

In considering whether to dismiss a complaint, "a court must accept as true all of the allegations contained in a complaint," Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. See Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may be dismissed also for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

I.   SERVICE OF PROCESS.

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons[.]" Fed. R. Civ. P. 4(e)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0038 FMO (RAOx) | Date | **January 4, 2018** |
|---|---|---|---|
| Title | **Chris Langer v. Shiu L. Kwan, et al.** | | |

Pursuant to California Civil Procedure Code § 415.20, substituted service may be accomplished by the following:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served . . . , a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20.

After several unsuccessful attempts to personally serve the Kwans, (see Dkt. 11, Proof of Service at ECF 42; Dkt. 12, Proof of Service at ECF 47), the Kwans were served by substituted service on January 13, 2017, at Canton Food Co., 750 S. Alameda Street, Los Angeles, California 90021, where copies of the summons and Complaint were left with Michael Lee, Assistant General Manager, (see Dkt. 11, Proof of Service at ECF 40; Dkt. 12, Proof of Service at ECF 45), who was described as "45 Years Old." (See Dkt. 11, Proof of Service at ECF 42; Dkt. 12, Proof of Service at ECF 47). The documents were thereafter mailed, first-class, postage prepaid, to 750 S. Alameda Street on January 17, 2017,[2] (see Dkt. 11, Proof of Service at ECF 40; Dkt. 12, Proof of Service at ECF 45), rendering service complete on January 27, 2017. See Cal. Civ. Proc. Code § 415.20 ("Service of a summons in this manner is deemed complete on the 10th day after the mailing."). Accordingly, it appears that the Kwans were properly served in accordance with Rule 4(e)(1) and California Civil Procedure Code § 415.20.

After two unsuccessful attempts to serve Peking Poultry, (see Dkt. 10, Proof of Service at ECF 37), Peking Poultry was served by substituted service on January 18, 2017, at 801 Crest Vista Dr., Monterey Park, California 91754, where a copy of the summons and Complaint was left with "Julio Padilla (Manager/Authorized)," (id. at ECF 35), who is described as "40 Years Old."

---

[2] The Kwans contend that they never received the summons and Complaint in the mail. (See Dkt. 39-2, Declaration of Shiu Lit Kwan [] at ¶ 4; Dkt. 39-2, Declaration of Wai Kam Kwan [] at ¶ 4). This is insufficient to rebut the presumption of valid service. See, e.g., Rodriguez v. Nam Min Cho, 236 Cal.App.4th 742, 749-50 (2015) (rejecting defendant employer's attempt to set aside default judgment when employer submitted agent's declaration that he did not receive the papers served by first-class mail pursuant to California Civil Procedure Code § 415.20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-0038 FMO (RAOx)** | Date | **January 4, 2018** |
|---|---|---|---|
| Title | **Chris Langer v. Shiu L. Kwan, et al.** | | |

(Id. at ECF 37). The documents were thereafter mailed, first-class, postage prepaid, to 801 Crest Vista Drive on January 20, 2017, (see id. at ECF 35), rendering service complete on January 30, 2017. See Cal. Civ. Proc. Code § 415.20 ("Service of a summons in this manner is deemed complete on the 10th day after the mailing."). Accordingly, it appears that Peking Poultry was also properly served in accordance with Rule 4(e)(1) and California Civil Procedure Code § 415.20.

Defendants' assertions that service of process was not properly effected, (see Dkt. 39, Motion at 3-6), lack merit. First, contrary to the Kwans' contention that they must be served by substituted service "at their dwelling or usual place of abode," (Dkt. 39, Motion at 3), California Civil Procedure Code § 415.20 provides that an individual may be served by substituted service "during usual office hours in his or her office[.]" Here, the Kwans were served at a "business address[]: 750 S. Alameda St., Los Angeles, CA 90021." (Dkt. 39, Motion at 3). The Kwans' contention that "there is no agent authorized to accept service [] on [the Kwans'] behalf," (id.), lacks merit because "the person who is apparently in charge," Cal. Civ. Proc. Code § 415.20, may accept service, and Assistant General Manager Michael Lee, (see Dkt. 11, Proof of Service at ECF 40; Dkt. 12, Proof of Service at ECF 45), was given copies of the summons and Complaint. Second, the court is not persuaded by the Kwans' argument that "serving the manager at the business address when the matter was regarding the Kwans in their individual and personal trustee capacity rather than as a corporate business or corporation capacity" violated the Kwans' "due process and privacy rights." (Dkt. 39, Motion at 3-4). The Kwans cite no authority supporting their assertion challenging the constitutionality of plaintiff's compliance with the provisions of Rule 4(e)(1) and California Civil Procedure Code § 415.20. (See, generally, id.).

Finally, the court is persuaded that Peking Poultry was properly served by substituted service when "the person who is apparently in charge," Cal. Civ. Proc. Code § 415.20, manager Julio Padilla, (see Dkt. 10, Proof of Service at ECF 35), was given a copy of the summons and Complaint. Although Peking Poultry contends that "there is no manager of Peking Poultry, Inc., located at the residence of 801 Crest Vista who lives or works at that location by the name of Julio Padilla," (Dkt. 39, Motion at 4), Peking Poultry, on the very next page of the Motion, refers to Julio Padilla as Peking Poultry's "business manager." (Id. at 5).

II.   SUFFICIENCY OF ALLEGATIONS IN THE COMPLAINT.

"A violation of the right of any individual under the federal Americans with Disabilities Act of 1990[, 42 U.S.C. §§ 12101 et seq.,] shall also constitute a violation of [Unruh Civil Rights Act, Cal. Civ. Code § 51]."[3]  Cal. Civ. Code § 51(f). To prevail on a claim for violation of the ADA, plaintiff must establish that: "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the

---

[3] Thus, defendants' contention that plaintiff "do[es] not claim in the complaint that the barrier[s] to access which are the lack of access aisle and decal that should be painted-in under state of California law but not federal law," (Dkt. 39, Motion at 7), lacks merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0038 FMO (RAOx) | Date | **January 4, 2018** |
|---|---|---|---|
| Title | **Chris Langer v. Shiu L. Kwan, et al.** | | |

plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). The Unruh Civil Rights Act provides that "[w]hoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to [Cal. Civ. Code §§] 51, 51.5, or 51.6, is liable for each and every offense for the actual damages[] . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)[.]" Cal. Civ. Code § 52(a). "[A] private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier[s]) under the ADA." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

Defendants' Motion is replete with evidentiary disputes that are inappropriate at this motion to dismiss stage. See Solid 21, Inc. v. Breitling USA, Inc., 512 Fed.Appx 685, 686-87 (9th Cir. 2013) (rejecting defendant's "attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage."). For example, with respect to liability, defendants raise multiple evidentiary disputes, including: (1) "if Plaintiff never intended to patronize the business establishment at 717 N. Broadway location, which is a grocery store and not licensed for eating and drinking purposes, there was never real or immediate personal injury to plaintiff," (Dkt. 39, Motion at 7); (2) plaintiff "must have personally encountered the faded decal and access aisle, which is not the case," (id. at 9); (3) defendants' business "is not licensed by the City of Los Angeles for food consumption by the public, but instead is a poultry plant and market business establishment[.]" (Id.). With respect to damages, defendants contend that plaintiff's ADA claim is moot because the alleged barriers were remedied on February 15, 2017.[4] (See id. at 6). Because defendants' contentions raise evidentiary disputes and do not challenge the sufficiency of plaintiff's allegations in the Complaint, (see id. at 6-10), the court declines to dismiss the Complaint.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT defendants' Motion to Quash and Motion to Dismiss (**Document No. 39**) is **denied**. Defendants shall file an Answer to the Complaint no later than **January 18, 2018**.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[4] Even if the alleged barriers have been remedied, the court would nevertheless deny the Motion, since plaintiff may be entitled to damages or attorney's fees. See Cal. Civ. Code § 52(a).